UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61152-CV-ALTMAN
MAGISTRATE JUDGE REID

LEROY JOHNSON,

    Plaintiff,

v.

ADRIANA ALCALDE-PADRON,
Assistant State Attorney,
et al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE

### I. Introduction

The incarcerated *pro se* plaintiff, Leroy Johnson, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. The complaint names two defendants (state prosecutors) and alleges they filed "misleading and perjury statements, which denied Plaintiff his constitutional rights under the Eighth and Fourteenth Amendments." [*Id*. at 2]. Plaintiff asks this Court to fire the prosecutors from their positions, seeks $4,000,000 in damages, and wants his conviction overturned. [*Id*.]. Plaintiff also generally alleges that he was attacked by officers at the Broward County Main Jail and attempted suicide as a result of the trauma. [*Id*. at 4]. Plaintiff, however, provides no facts related to his claims of physical or psychological abuse

against any named defendant, does not name the responsible individuals, and provides no dates or details of the alleged incident. [*Id*. at 4].

This latest filing has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-2.

Plaintiff has not paid the $400.00 filing fee but filed a motion to proceed *in forma pauperis* (IFP). [ECF No. 3]. Prior to the initial screening of the instant complaint, this Court denied Plaintiff's motion because he did not submit the required account statement. [ECF No. 4]. Nonetheless, it is futile for Plaintiff to attempt to proceed *in forma pauperis*. That is because the instant complaint is subject to DISMISSAL based on Plaintiff's status as a "three-striker" under the Prison Litigation Reform Act ("PLRA").

## II. Section 1915(g) Standard

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104–134, §§ 801–810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of the foregoing provision of the PLRA, referred to as "three strikes provision," has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals.  *See Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Specifically, the Eleventh Circuit has determined that the "three strikes" IFP provision does not violate an inmate's First Amendment right of access to the courts; the doctrine of separation of judicial and legislative powers; the Fifth Amendment's right to due process of law; or, an inmate's right to equal protection. *Id*. at 721-27.

To invoke the exception to § 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury; and vague allegations of harm and unspecific references to injury are insufficient.  *See also Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) ("Congress was deliberate in leaving an exception for claims of imminent threat of serious physical injury when it enacted the three-strikes provision that screens out all other IFP suits as part of the PLRA.").

Thus, in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). The imminent danger that serves as the basis for the complaint must be on-going at the time of filing the lawsuit, not merely at the time of the alleged incident. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). Because the imminent danger exception does not appear to apply in this case, "the proper procedure is for the district court to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

### III. Discussion

Plaintiff is a multiple filer, having filed numerous § 1983 actions in this Court. This Court dismissed Case Nos. 11-61598-CV-ZLOCH, 12-62067-CV-WILLIAMS, and 13-60327-CV-SCOLA for failure to state a claim.

As demonstrated in the list of cases above, Plaintiff has filed at least three cases which fit the criteria of the statute. It does not appear that Plaintiff is under imminent danger of serious physical injury; and it would, therefore, be recommended that this case be DISMISSED pursuant to 28 U.S.C. § 1915(g).

Plaintiff is further notified that habeas relief is not available under § 1983. Therefore, to the extent that Plaintiff seeks to vacate a conviction or sentence imposed by the State of Florida, the proper action would be filed pursuant to 28 U.S.C § 2254.

## IV. Recommendations

Based upon the foregoing, it is recommended that the complaint [ECF No. 1] be DISMISSED, pursuant to 28 U.S.C. § 1915(g). Since the statute only precludes Plaintiff from proceeding *in forma pauperis*, the dismissal should be without prejudice should he move to reopen the case upon payment of the full filing fee of $400.00 within ten days of dismissal of the complaint.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Dated this 28th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Leroy Johnson
       800506
       Jackson Correctional Institution
       Inmate Mail/Parcels
       5563 10th Street
       Malone, FL 32445
       PRO SE