UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61152-CIV-ALTMAN/Reid

**LEROY JOHNSON**,

      Plaintiff,

v.

**ARIANA ALCALDE-PADRON**
and **MICHAEL J. SATZ**,

      Defendant.

_____/

## ORDER

On April 26, 2019, the Plaintiff, Leroy Johnson, filed a complaint pursuant to 42 U.S.C. § 1983 ("Complaint") [ECF No. 1]. The Complaint names two state prosecutors as defendants. As relief, the Complaint asks the Court to "fire" the prosecutors from their jobs, to overturn the Plaintiff's conviction, and to award four million dollars in damages along with a separate check for $999,000.00 upon the Plaintiff's "emergency release" from the Department of Corrections. Complaint 2. Pursuant to Administrative Order 2019-2, the Clerk referred the case to United States Magistrate Judge Lisette M. Reid for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters [ECF No. 2]. On May 28, 2019, Judge Reid issued a Report and Recommendation ("R&R") recommending that the Complaint be dismissed pursuant to the "3 strikes" provision of 28 U.S.C. § 1915(g) [ECF No. 6]. No party has filed objections to the R&R.

When a magistrate judge's "disposition" has been objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when, as here, no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 is silent on the applicable standard of review when neither party has objected to the magistrate judge's report and recommendation, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the Eleventh Circuit has been clear that "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the R&R, the record, and the applicable law and can find no clear error in the R&R. The Court agrees that dismissal in this case is warranted. As Judge Reid correctly notes: (1) the Plaintiff "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted"; and (2) § 1915(g) prohibits the Plaintiff from bringing the current action *in forma pauperis*.[1]

Accordingly, the Court hereby **ORDERS** that the Report and Recommendation [ECF No. 6] is **ACCEPTED AND ADOPTED**. The Complaint [ECF No. 1] filed by the Plaintiff, Leroy Johnson, is **DISMISSED without prejudice**. The Plaintiff may re-file his Complaint upon

---

[1] The Plaintiff does not appear to be under imminent danger of serious physical injury—and thus cannot trigger the exception laid out in § 1915(g).

payment of the full filing fee of $400.00 within ten days of dismissal. The Clerk of the Court is instructed to **CLOSE** the case, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of June 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Leroy Johnson, *pro se*

3